GRaham, Judge,
delivered the opinion of the court:
This suit is brought to recover balances claimed by the plaintiff to be due on account of transportation charges on 16 different shipments of Government property, alleged to have been illegally deducted by the Auditor for the War Department from the plaintiff’s bills as presented for payment. These shipments were made at different times between June 19, 1917, and May, 1918, and in most of the cases the points of origin and destination were different.
As to each of the 16 shipments the Auditor for the War Department, on presentation of plaintiff’s bills, held that the rate claimed therein did not apply to the shipment; that there were no published rates applicable to the character of goods shipped, and by analogy applied the emigrant movables rates in each case, the application of which rate was erroneous. The plaintiff protested at the time of payment in each case against the settlement on the basis of this rate. All the shipments moved on the form of bill of lading prescribed by the Comptroller of the Treasury for general use throughout the Government service, and each claim was stated on the form so prescribed, with a certificate by plaintiff that the account was correct and just, and that the service had been rendered as stated, that payment therefor had not been received, and that the rate charged was not in excess of the lowest rate available for the Government based on tariffs effective at the date of service.
So that at the outset we find that the payments made to the plaintiff were not the payments to which it was entitled; that is to say, the payments on the basis of emigrant movables rate were not proper, and we have left for consideration what, as shown by the findings, was a proper rate, under *671 all the circumstances, to be charged by and paid to the plaintiff for the services rendered.
The plaintiff presented its bills, and is claiming recovery, on the basis of a special cash rate without land-grant deduction, and, as it appears from the findings that there is no proof of any other applicable rate, the plaintiff’s recovery must be, if at all, on the basis of this special rate. Plaintiff claims that it was entitled to charge and be paid the rate named in its original bills by reason of a special contract with the Government for expedited and special service under a tariff, which it had published prior to the shipments, specially applicable to the transportation of the particular kind of goods shipped and the service rendered. The Government is entitled under the law to the lowest rate open to the public for transportation of similar property, less land-grant deductions. - If the plaintiff had a contract for a higher rate, it must establish its contract by proof as full and satisfactory as that required for the establishment of any other contract to hold the Government liable.
The case of Illinois Central R. R. Co. v. United States (58 C. Cls. 182), involved a shipment by ordinary passenger train of Government impedimenta. The plaintiff there had filed a special tariff rate for transporting of Government impedimenta on the basis of net cash. It based its recovery upon an implied contract growing out of the publication of the rate, upon the theory that the publication was constructive notice to the Government. There was no attempt to prove actual notice. The court held that a rate of this character applicable specially to the Government was not required by law and was not the legal rate referred to in the statute; that, not being a legal rate, it was in effect no rate at all; that the mere publication of such a rate was not constructive notice to the Government, and therefore there could be no recovery upon the implied contract growing out of such publication and the. rendering of the service. In other words, it was held that the railroad could not, by merely publishing such a rate, avoid the right of the Government to land-grant deductions.
In the present casej while the court has found that in some instances there was no expedited service requested or fur *672 nished, in others that there was expedited service but no request for it, and in still others that expedited service was requested and furnished, there is no proof in any instance of an express contract; that is, there is no proof of an understanding between the representatives of the Government and the representatives of the railroad that this special rate should apply to the shipments. The plaintiff bases its claim for recovery upon constructive notice to the Government of this rate and an implied contract to pay it. The rate is the same in principle and effect as that relied upon in the Illinois Central Railroad case, supra, except that in this case it was made to apply to special and expedited service. But this does not affect the legality of the proposition to hold the Government on an implied contract. The plaintiff in its brief states its position as follows:
“ Clearly, when, with notice of this rate, the Government requested the plaintiff to transport military impedimenta, equipment, and supplies by special trains, a contract must be implied on. the part of the Government to pay the rate specified in said tariff.”
But there is no other notice shown of the rate than its mere publication, and under authority of the Illinois Central Railroad case, supra, plaintiff can not recover on the basis of constructive notice by publication. Plaintiff can not by the voluntary publication of a rate not required by law deprive the Government of its right to land-grant deductions where these deductions apply. The mere publication of a schedule of rates to be applicable to Government property does not prevent the application of land-grant deductions. Where the application of such schedule is sought .and land-grant deductions are objected to, the carrier must show such a state of facts as will reasonably remove the shipment from the operation of the rule that land-grant deductions must be made. Where it relies upon a special contract it must establish it by proper and satisfactory proof. If it relies upon an implied contract, it musí prove all of the facts necessary to create an implication of contract, and the burden of this proof is upon the carrier. The plaintiff has failed to establish the necessary contract, and can not recover on the basis of the special rate claimed.
*673 It is unnecessary to review the cases previously decided by this court where the carrier has been relieved of land-grant deductions. They were fully reviewed by the court in the Illinois Central Railroad case, supra, where the court said :
“It is manifest that each of the cited cases was decided upon the facts peculiarly applying to it, and without any .attempt to lay down a principle applicable to all alike.”
The plaintiff in this case bases its claim for recovery upon the rate fixed by the special tariff, and has not proved or attempted to prove the applicability of any other rate. While the auditor was in error in settling the bills involved ■on the basis of the emigrant movables rate, as heretofore held in this court and admitted in this case, there is not sufficient data to enable the court to determine either the proper classification for these shipments or the land-grant deductions. Certain sums shown by paragraphs (c), (f), (i), (,j), and (o) of Finding X the plaintiff is entitled to recover. These were due to mistakes made in the settlement in each case, as shown in the finding mentioned, and in none of them is there involved any of the questions discussed and passed upon above. The aggregate of these sums is $198.38, for which judgment should be entered for the plaintiff, and it is so ordered.
Hay, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief 'Justice, concur.